IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-14

UNITED STATES OF AMERICA      )
                              )
        vs.                   )
                              )        ORDER
                              )
ANTONIO STOWE McDANIEL        )
_____ )


**THIS MATTER** is before the Court upon motion of the defendant for a reduction of

sentence based on retroactive amendments to the United States Sentencing Guidelines relating to

crack cocaine offenses (Doc. No. 69), and the government's response (Doc. No. 72).

The defendant was found guilty to possessing 5 grams or more of cocaine base with intent

to distribute, along with other offenses. (Doc. No. 35: Verdict).  At sentencing, the Court

determined the total drug quantity for which the defendant was responsible, resulting in an

offense level of 28. (Presentence Report (PSR) at ¶ 15).  After a 2-level multiple-count

adjustment increase, combined with a criminal history category of V, the resulting advisory

guideline range for Count One was 151-188 months. (PSR at ¶¶ 41, 60, 78; Doc. No. 42: SOR at

1).  The Court sentenced the defendant to 151 months' imprisonment, the low end of the range.

(Doc. No. 41: Judgment at 2).

The defendant moves to reduce his sentence based on retroactive amendments to the

guidelines relating to crack cocaine offenses. (Doc. No. 69).  As amended, USSG §1B1.10(b)(1)

directs courts to determine the guideline range as if the amendments had been in place at the time

of sentencing.  The amended offense level for possessing the drug quantity attributable to the

defendant is 26. USSG Supp. to Appx. C., Amend. 706 (2007).  The addition of 2 levels for

multiple-count adjustment results in a total offense level of 28 and an amended guideline range of 130-162 months. The defendant and the government recommend imposing a 130-month sentence on Count One, the low end of the amended range. (Doc. No. 69: Motion at 4; Doc. No. 72: Response at ¶ 9).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 130 months' imprisonment on Count One.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the United States Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 7, 2011

Robert J. Conrad, Jr.
Chief United States District Judge